IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| JAMES E. LOFTEN | § | |
| VS. | § | CIVIL ACTION NO. 5:17-CV-144 |
| LIBERTY COUNTY DISTRICT ATTORNEY'S OFFICE, ET AL. | § | |

MEMORANDUM OPINION

Plaintiff James E. Loften, an inmate currently confined at the Eastham Unit of the Texas Department of Criminal Justice, Institutional Division (TDCJ-ID), proceeding *pro se*, brings this civil rights action pursuant to *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff requests leave to proceed *in forma pauperis* in this action.

Analysis

Title 28 U.S.C. § 1915(a) permits indigent litigants to commence civil actions without paying filing fees. Prior to 1996, indigent prisoners, like other indigent litigants, were permitted to file civil actions in federal court without paying filing fees. *Bruce v. Samuels*, _ U.S. _ , 136 S. Ct. 627, 629 (2016). To deter prisoners from filing frivolous actions, Congress enacted the Prison Litigation Reform Act of 1995 (PLRA), which imposed economic costs for prisoners filing civil actions. *Patton v. Jefferson Correctional Center*, 136 F.3d 458, 464 (5th Cir. 1998). Under the PLRA, prisoners are allowed to file civil actions without prepaying the fees, but, unlike non-prisoner litigants, they are required to pay the full amount of the filing fees in installments as funds are deposited in their inmate accounts. 28 U.S.C. § 1915(b).

The PLRA also imposed sanctions for prisoners who repeatedly file frivolous or malicious complaints. Title 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action [*in forma pauperis*] . . . if the prisoner has, on three or more occasions . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The prisoner bears the burden of showing that he is in imminent danger. To meet this burden, the prisoner must allege specific facts demonstrating an ongoing serious physical injury, or a pattern of misconduct that is likely to cause imminent serious physical injury. *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). Vague or conclusory allegations are insufficient to meet this burden. *White v. Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998).

Plaintiff has a long history of engaging in abusive litigation. At least three of Plaintiff's prior suits have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Lofton v. Johnson*, No. 99-10749, 1999 WL 1067585, at *1 (5th Cir. Oct. 18, 1999) (unpublished) (revoking Plaintiff's *in forma pauperis* status because he had accrued at least three strikes). Although he was barred from proceeding *in forma pauperis* nearly twenty years ago, Plaintiff continued to file lawsuits that were subsequently dismissed pursuant to § 1915(g) because Plaintiff was not in imminent danger. *See e.g. Loften v. Crone*, Civil Action No. 5:06-CV-216 (E.D. Tex. Dec. 14, 2006); *Loften v. Clinton*, Civil Action No. 1:00-CV-622 (E.D. Tex. June 27, 2001).

Plaintiff attempted to circumvent the bar by filing multiple writs of mandamus and successive habeas petitions, in which he alleged that his civil rights were violated. The United States Court of Appeals for the Fifth Circuit warned, and ultimately sanctioned, Plaintiff for filing baseless mandamus petitions and requests for leave to file successive habeas petitions. *See In re: Loften*, No.

02-40101 (5th Cir. Apr. 3, 2002) (sanctioning Plaintiff $105.00 for filing frivolous and repetitive motions and barring him from filing successive habeas petitions until the sanction is paid); *In re: Lofton*, No. 02-40145 (5th Cir. Mar. 6, 2002) (sanctioning Plaintiff $100.00 for filing frivolous and repetitive motions and barring him from filing mandamus petitions until the sanction is paid); *In re: Loften*, No. 02-40099 (5th Cir. Feb. 28, 2002) (sanctioning Plaintiff $105.00 for filing frivolous and repetitive motions and barring him from filing successive habeas petitions until the sanction is paid).

After he was sanctioned by the Fifth Circuit, Plaintiff continued his abusive litigation practices by filing lawsuits complaining that federal judges were conspiring with state and local officials to deprive him of his constitutional rights. *See Genus v. United States*, Civil Action No. C.A. C-06-180, 2006 WL 2345996, at *1 (S.D. Tex. Aug. 10, 2006). As noted by the United States Court for the Southern District of Texas, plaintiff filed nineteen lawsuits under various names between December 2003 and December 2005. *Id*. at*1. The Court found that Plaintiff's allegations were "clearly irrational, save and except his deliberate attempt to deceive this Court as to his identity in filing this lawsuit." *Id*. at *2. In that case, Plaintiff identified himself as "James Eric Genus," and he has also used the alternate spelling of "Lofton" to avoid detection as a three-striker. The Southern District of Texas dismissed the actions and barred plaintiff from filing any new lawsuits in that court until the outstanding sanctions were paid. *Id*.

In a 77-page complaint, Plaintiff mainly contends that federal judges have conspired with law enforcement officers and other officials to convict plaintiff of criminal offenses and incarcerate him. Plaintiff does not allege that he is in imminent danger of serious physical injury.

3

Accordingly, Plaintiff is barred from proceeding *in forma pauperis*, and this civil rights action should be dismissed.[1]

## Conclusion

For the reasons set forth above, this complaint should be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g). A final judgment shall be entered in accordance with this Memorandum Opinion.

**SIGNED this 24th day of August, 2017.**

*Robert W Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE

---

[1] Section 1915(g) prohibits plaintiff from proceeding *in forma pauperis* in this action. However, plaintiff may refile this action upon payment of the filing fee.